IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 97-50440

Summary Calendar

---

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

CARL DON ROLLS,

                                        Defendant-Appellant.

---

Appeal from the United States District Court
For the Western District of Texas
USDC No. A-96-CA-392 (A-94-CR-42)

---

February 12, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

The petitioner plead guilty to several offenses, including using and carrying a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1). He received 60 months in prison on the firearms charge, to be served consecutively with 108 months on the other counts. He did not file a direct appeal, and appears before us on a 28 U.S.C. § 2255 habeas petition alleging that there was an insufficient factual basis to support his plea.

[*] Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

According to a factual basis form filed with the plea agreement, the United States was prepared to show that Rolls and a companion abducted and pistol-whipped Rolls's former girlfriend. After police located and questioned Rolls, Rolls told police that the gun used in the assault was in his room. The officers entered the room and found a .380 caliber semi-automatic pistol rather than the .38 caliber revolver that they had expected. They also found ammunition and pills amounting to over 15 pounds of a mixture containing Methaqualone, a schedule I controlled substance.

Rolls filed his petition after Bailey v. United States, 516 U.S. 137, 150 (1995), alleging that he could not stand convicted under either the "use" or "carry" prong of § 924(c). Ordinarily, Bailey claims are subject to a procedural bar, absent certain exceptions, that would prevent Rolls from raising such a claim. See Bousley v. United States, 118 S. Ct. 1604, 1610-11 (1998). The government, however, did not invoke the procedural bar in the district court. The Supreme Court has made clear that the Court of Appeals is not required to invoke a procedural bar sua sponte. See Trest v. Cain, 118 S. Ct. 478, 480 (1997). The Supreme Court left open the possibility that the Court of Appeals might be permitted to invoke a procedural bar sua sponte. See id. We decline to consider that question here, following instead our traditional practice of requiring the government must invoke a procedural bar in the district court lest it be waived. See United States v. Drobny, 955 F.2d 990, 995 (5th Cir. 1992).

2

The magistrate judge determined that Rolls could not be convicted under the "use" prong, but that sufficient evidence established that he "carried" a firearm. The district court independently reviewed the record and accepted the magistrate judge's report, denying § 2255 relief. The reasoning was that Rolls was the sole occupant of the vehicle when he drove to the motel, and that it was reasonable to deduce that Rolls knew of the presence of the weapon in the vehicle and knowingly carried the weapon during and relation to a drug trafficking crime. This court granted Rolls's motion for a certificate of appealability.

We cannot be sure that Rolls transported the weapon in his vehicle or that he carried it to his motel room. "The plain and ordinary meaning of the term 'carry' demands some showing that the defendant touched, moved or transported the gun." United States v. Wainuskis, 138 F.3d 183, 191 (5th Cir. 1998); see also Muscarello v. United States, 118 S. Ct. 1911, 1919 (1998); United States v. Hall, 110 F.3d 1155, 1161 (5th Cir. 1997). Perhaps someone else transported the gun and Rolls merely knew of its presence. But the conclusion that Rolls did transport the gun is certainly an inference that a jury might have made, given the combination of the reports about pistol-whipping and his knowledge of the presence of the gun in the motel room.[1]

---

[1]Rolls complains that when he entered his plea, the law in the Fifth Circuit allowed a conviction under § 924(c) merely because a defendant was in close proximity to a firearm, and that he would not have pleaded guilty had he understood the narrower scope of that section. However, a defendant who fails to predict a favorable evolution of the law is not entitled to plea anew. See Brady v. United States, 397 U.S. 742, 756 (1970) ("Absent

It is not our role to reevaluate the evidence de novo. We can reverse the district court only if it committed clear error in concluding that there was an adequate factual basis for the plea. <u>See</u> <u>United States v. Sanders</u>, 157 F.3d 302, 304 (5th Cir. 1998). Identifying an adequate factual basis does not require a certainty that a jury would have convicted on the evidence, and certainly we cannot conclude here that the district court clearly erred in finding an adequate factual basis.

AFFIRMED.

---

misrepresentation or other impermissible conduct by state agents, a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise.") (citation omitted). In addition, <u>Teague v. Lane</u>, 489 U.S. 288 (1989), does not apply. <u>See</u> <u>Bousley</u>, 118 S. Ct. at 1610.